IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COOPER ZIETZ ENGINEERS, INC.** **(d.b.a. AKANA)**, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**THE AKANA GROUP, INC.**, a Texas corporation,<br><br>Defendant. | Case No. 3:21-cv-01584-SB<br><br>**ORDER** |

Scott D. Schnuck, AltusLaw LLC, P.O. Box 8309, Portland, OR 97207. Attorney for Plaintiff.

**IMMERGUT, District Judge.**

      Plaintiff Cooper Zietz Engineers, Inc. (d.b.a. Akana) filed this action against Defendant The Akana Group, Inc. alleging claims for trademark infringement and unfair competition under the Lanham Act, *see* 15 U.S.C. §§ 1114, 1125, and a claim for common law trademark infringement under Oregon law. ECF 1. After Defendant failed to appear or otherwise defend, the clerk entered default against Defendant. ECF 12. Plaintiff then filed a Motion for Entry of Default Judgment seeking injunctive relief. ECF 13. On November 15, 2022, Magistrate Judge

PAGE 1 – ORDER

Stacie F. Beckerman issued her Findings & Recommendation (F&R), ECF 15, recommending that Plaintiff's Motion for Entry of Default Judgment be granted. No party filed objections.

This Court ADOPTS and SUPPLEMENTS Judge Beckerman's F&R analysis of Plaintiff's request for a permanent injunction pursuant to 15 U.S.C. § 1116(a). Specifically, to the extent Judge Beckerman's F&R suggests that Plaintiff was entitled to a permanent injunction based only on a showing of trademark infringement, this Court clarifies that a showing of actual irreparable injury is required. *Herb Reed Enters, LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1249–50 (9th Cir. 2013). Nevertheless, based on an evaluation of the alleged injury set forth in the Complaint, this Court finds that Plaintiff has sufficiently demonstrated actual irreparable injury to obtain a permanent injunction. This Court has reviewed the F&R and adopts the remainder of Judge Beckerman's analysis and conclusions in full.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

**DISCUSSION**

Plaintiff seeks injunctive relief for its trademark claims under 15 U.S.C. § 1116(a), which provides that a court may "grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in [the United States Patent and Trademark Office] or to prevent a violation under [the Lanham Act]." 15 U.S.C. § 1116(a); *see* ECF 1 at 6; ECF 13 at 4–5. When seeking injunctive relief under Section 1116(a), a party must demonstrate that it has suffered an irreparable injury, among other factors. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Relying on *Clark Equipment Company v. Walls*, Judge Beckerman found that Plaintiff had suffered an irreparable injury because Plaintiff had demonstrated trademark infringement. No. 21-cv-05886-DGE, 2022 WL 4594238, at *4 (W.D. Wash. July 29, 2022) ("Once infringement is shown, irreparable injury is generally presumed in a trademark case . . . Thus, the Court presumes irreparable injury and does not find evidence rebutting such a presumption.") (citations omitted)); *see* ECF 15 at 9–10.

The Ninth Circuit previously adopted a presumption of irreparable injury based on a showing of likelihood of success on the merits in trademark infringement cases. *See, e.g.*, *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1066 (9th Cir. 1999). However, following the Supreme Court's decisions in *eBay, Inc. v. MercExchange, L.L.C.* and *Winter v. National Resources Defense Council, Inc.*, the Ninth Circuit concluded that irreparable injury may no longer be presumed from a likelihood of success on the merits and "actual irreparable harm must be demonstrated to obtain a permanent injunction in a trademark infringement action." *Herb Reed*, 736 F.3d at 1249–50 (citations omitted); 547 U.S. 388 (2006); 555 U.S. 7 (2008). The showing of irreparable harm must be "grounded in [ ] evidence," not conclusory statements or speculation. *Herb Reed*, 736 F.3d at 1250. "Evidence of loss of control

PAGE 3 – ORDER

over business reputation and damage to goodwill could constitute irreparable harm." *Id.* Loss of prospective customers may also qualify as irreparable harm. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001) ("Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm." (citation omitted)).

Here, Plaintiff alleges that both parties are in the business of providing construction services for private and government contracts. ECF 1 at ¶¶ 4, 6. Plaintiff alleges that Defendant has used Plaintiff's trademark, "AKANA," in connection with advertising, promoting, and selling construction services in competition with Plaintiff. *Id.* at ¶ 23. Confusion between the two businesses has resulted in a federal government contract being inadvertently awarded to Defendant when Plaintiff was the intended recipient. *Id.* at ¶ 18. These allegations sufficiently demonstrate loss of control over business reputation and loss of prospective customers to qualify as irreparable injury under the *eBay Inc.* test. *See, e.g.*, *BestLife Holdings, Inc. v. Costagenics*, No. 20-CV-1209-WQH-WVG, 2021 WL 5176476, at *3 (S.D. Cal. May 28, 2021) (finding irreparable harm where defendant marketed competing services using plaintiff's trademark); *Ramirez v. Martinez*, No. EDCV17-2211 FMO (GJSx), 2019 WL 4544430, at *7 (C.D. Cal. Aug. 19, 2019) (finding irreparable harm where there was a "real risk" of loss of customers) (citation omitted)). Adopting the remainder of Judge Beckerman's permanent injunction analysis, this Court grants permanent injunctive relief.

## CONCLUSION

This Court ADOPTS Judge Beckerman's F&R and SUPPLEMENTS it to clarify that Plaintiff has alleged irreparable injury sufficient to support a permanent injunction. This Court has reviewed the F&R and adopts the remainder of Judge Beckerman's analysis and conclusions in full. This Court GRANTS Plaintiff's Motion for Entry of Default Judgment, as follows:

PAGE 4 – ORDER

1. Pursuant to 15 U.S.C. § 1116, IT IS ORDERED that Defendant and its agents, employees, successors, and assigns are PERMANENTLY ENJOINED from using any mark, word, or name similar to Plaintiff's "AKANA" mark in connection with Defendant's goods or services.

2. Pursuant to 15 U.S.C. § 1116, IT IS ORDERED that within thirty days after entry of this injunction, Defendant is required to file with the Court and serve on Plaintiff a report in writing, and under oath, setting forth in detail the manner in which Defendant has complied with this injunction.

3. Pursuant 15 U.S.C. § 1117(a) and *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179 (9th Cir. 2016),[1] IT IS ORDERED that Plaintiff is entitled to an award of its attorney's fees and costs incurred in an amount to be determined by the Court upon review of Plaintiff's supplemental submission.

**IT IS SO ORDERED**.

DATED this 9th day of January, 2023.

---

[1] Under 15 U.S.C. § 1117(a), "[t]he court in exceptional cases may award reasonable attorney['s] fees to the prevailing party." In addressing an award of attorney's fees, the court must examine the "totality of the circumstances" to determine if the case is exceptional. *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016). To examine the totality of circumstances, the Ninth Circuit directs courts to use equitable discretion under the following nonexclusive factors: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case)[,] and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 n.6 (2014)). Judge Beckerman did not explicitly engage in this analysis in awarding fees but did conclude that "Defendant continues to use Plaintiff's mark despite receiving cease and desist letters and the past instances of confusion, and thus Defendant's 'acts are willful, intentional, and deliberate.'" ECF 15 at 11 n.7.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 6 – ORDER